UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Sandra Bell,
   Plaintiff,

vs.

Synchrony Bank,

Selip & Stylianou, LLP,
   Defendants.

COMPLAINT AND
DEMAND FOR JURY TRIAL

---

Plaintiff Sandra Bell, by and for her Complaint against Defendants Synchrony Bank and Selip & Stylianou, LLP, states as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 as this action arises under the laws of the United States.
2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district, and Defendants conduct business within this jurisdiction.

## II. PARTIES

3. Plaintiff Sandra Bell is a natural person residing in Middletown, New York.
4. Defendant Synchrony Bank is a national banking association engaged in the business of consumer credit and debt collection.
5. Defendant Selip & Stylianou, LLP is a law firm regularly engaged in debt collection and litigation on behalf of Synchrony Bank, and is located in New York.

## III. FACTUAL ALLEGATIONS

6. On or around December 2024, Plaintiff was sued by Selip & Stylianou, LLP on behalf of Synchrony Bank for an alleged consumer debt.

7. Defendants failed to produce a valid contract bearing Plaintiff's signature or any documentation establishing the validity of the debt.
8. Plaintiff submitted formal discovery requests, including interrogatories and a request for debt validation. Defendants failed or refused to respond.
9. The amount claimed by Defendants was inflated and unsupported by documentation.
10. Defendants submitted bank statements without authentication, sworn affidavits, or proper chain of custody, constituting hearsay.
11. Defendants continued litigation despite having no lawful proof of claim or standing to sue.
12. In August 2024, Plaintiff sent a certified Billing Dispute Letter to Synchrony Bank. Defendant did not respond but proceeded to call Plaintiff in violation of the FDCPA. Plaintiff maintains certified mailing records and phone logs as evidence.

13. Synchrony Bank continued to call Plaintiff approximately twice a day for a period of 50 days during the active dispute, resulting in over 100 unwanted and harassing calls.
14. In November 2024, Plaintiff mailed Security Coupons by certified mail to Defendant. Rather than acknowledging the payment or responding, Defendant charged off the account and sold the alleged debt to Selip & Stylianou, LLP.
15. These actions occurred while the debt was under formal dispute, violating Plaintiff's right to a fair debt resolution process.
16. Defendant proceeded to send written communication to Plaintiff following the charge-off, despite never providing tax documentation to acknowledge the charge-off. Defendant may have failed to declare the charged-off debt to the IRS.
17. Plaintiff has received two letters from Defendant after submitting Security Coupons; neither letter acknowledged or addressed the coupons.
18. Plaintiff had a recorded telephone conversation with Synchrony Bank where the representative acknowledged that the account was charged off while they simultaneously pursued litigation against Plaintiff. This reflects inconsistent representations and suggests an attempt at unjust enrichment.
19. These actions caused Plaintiff to suffer financial harm, emotional distress, and the deprivation of due process.

## IV. CAUSES OF ACTION

Count I – Violation of the Fair Debt Collection Practices Act (FDCPA)

20. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully stated herein.
21. Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading

representations in connection with the debt.

22. Defendants violated 15 U.S.C. § 1692g by failing to provide proper debt validation upon request.

23. Defendants violated 15 U.S.C. § 1692c by continuing to communicate with Plaintiff after receiving a written dispute, including placing over 100 harassing phone calls.

24. As a result, Plaintiff is entitled to $1,000 in statutory damages and $10,000 in actual damages.

## Count II – Common Law Fraud

25. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully stated herein.

26. Defendants knowingly misrepresented the validity and amount of the debt and used false documents to support their claims.

27. Defendants also ignored certified dispute communications and proceeded with litigation while misrepresenting the debt's legal status.

28. Plaintiff relied upon these misrepresentations to her detriment.

29. Defendants acted with the intent to deceive and to secure a default or unjust judgment.

30. Plaintiff seeks $15,000 in compensatory damages for fraud.

## Count III – Abuse of Process

31. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully stated herein.

32. Defendants used legal process improperly by initiating and maintaining a lawsuit without valid evidence or legal basis.

33. The primary purpose of this process was to intimidate, harass, and extract money from the Plaintiff unlawfully.

34. Plaintiff seeks $10,000 in damages for abuse of process.

## Count IV – Unjust Enrichment

35. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully stated herein.

36. Defendants retained a benefit to which they were not legally entitled by continuing to pursue collection and litigation on a charged-off and potentially paid debt.

37. Defendants' conduct violates principles of equity and good conscience, and Plaintiff is

entitled to restitution.

38. Plaintiff seeks $5,000 in restitution for unjust enrichment.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award statutory damages of $1,000 under the FDCPA;

C. Award $10,000 in actual damages for emotional and financial harm;

D. Award $15,000 in compensatory damages for fraud;

E. Award $10,000 in damages for abuse of process;

F. Award $5,000 in restitution for unjust enrichment;

G. Award $25,000 in punitive damages for willful misconduct;

H. Grant such other and further relief as this Court deems just and proper.

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

*Sandra Bell*

Sandra Bell

29 S Aspen Rd

Middletown, NY 10940

Email: bellovely@yahoo.com

Phone: 845-800-8409

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Sandra Bell | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| Synchrony Bank, Selip & Stylianou, LLP | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Synchrony Bank, 5 Bryant Park, Floor 16, New York, NY 10018

Selip & Stylianou, LLP, 199 Crossways Park Drive, Woodbury, NY 11797

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Sandra Bell
29 South Aspen Rd, Middletown, Ny 10940

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

Sandra Bell, pro se , and Plaintiff
*Printed name and title*

29 S Aspen Rd , Middletown, Ny 10940

_____
*Server's address*

Additional information regarding attempted service, etc: