USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/19/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BELL,

                                Plaintiff,

    -against-

SYNCHRONY BANK and SELIP &
STYLIANOU, LLP,

                                Defendants.

No. 25-CV-05569 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Sandra Bell ("Plaintiff" or "Bell") commenced this action against Defendants Synchrony Bank ("Defendant Synchrony" or "Synchrony") and the law firm of Selip & Stylianou LLP ("S&S") (collectively "Defendants"), asserting claims, *inter alia*, pursuant to the Fair Debt Collection Practice Act ("FDPCA"), common law fraud, abuse of process, and unjust enrichment. (ECF No. 1.) Presently before the Court is Defendant Synchrony's motion to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)[1] ("Rule 12(b)"), or alternatively, to remand it to state court. (ECF No. 6.) For the following reasons, the Court is STAYING this action and thus Defendant Synchrony's motion is DENIED.

**PROCEDURAL BACKGROUND**

Plaintiff commenced the instant action on July 2, 2025. (ECF No. 1.) Defendant Synchrony filed the instant motion and memorandum of law in support on July 30, 2025. (ECF Nos. 6 & 7.)

---

[1] Specifically, Defendant Synchrony moves pursuant to Rule 12(b)(2), lack of personal jurisdiction; Rule 12(b)(3), improper venue; Rule 12(b)(4), insufficient process; and Rule 12(b)(5), insufficient service of process.

Plaintiff filed her opposition to the motion on August 21, 2025. (ECF No. 11.) Plaintiff filed an Amended Complaint also on August 21, 2025, asserting additional claims and providing scant factual allegations.[2] (ECF No. 9.)

Defendant Synchrony moves pursuant to Rule 12(b) seeking to dismiss Plaintiff's operative complaint, or alternatively, a court order remanding the action back to state court on the basis of improper removal procedure, including untimeliness, and the existence of a pending parallel action in state court. (*See generally* Def. Mem of L.) More specifically, Defendant Synchrony asserts that on or about November 27, 2024, it commenced a civil action in the City Court of Middletown, Orange County, New York, *Synchrony Bank vs. Sandra Bell*, Docket No. CV-1215-24 (the "State Court Action"), seeking to collect monies owed by Plaintiff on a consumer debt due to her failure to pay. (*Id.*) In the State Court Action, Defendant Synchrony was represented by co-Defendant S&S. Plaintiff filed a responsive pleading in the State Court Action which included an answer and a counterclaim alleging violations of the FDCPA. (*Id.*, Ex. 2.) Despite the existence of the pending State Court Action, Plaintiff commenced the instant action which similarly contains a cause of action under the FDCPA.

## DISCUSSION

Defendant Synchrony moves to dismiss this action, or alternatively, remand the action back to state court. The Court will first address Synchrony's motion to remand "because the remand motion challenges the Court's jurisdiction to hear this case." *Schultz v. Tribune ND, Inc.*, 754 F. Supp. 2d 550, 555 n.6 (E.D.N.Y. 2010). "If the Court does not have jurisdiction, it does not have the power to decide defendant's motion." *Id.* (citing *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005)).

---

[2] As *pro se* Plaintiff filed her Amended Complaint after Defendant Synchrony had filed its memorandum of law, the operative complaint for purposes of this motion is the original Complaint.

2

## I.        Removal Statute

As a general matter, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. (28 U.S.C. § 1331.) Subsection (a) of 28 U.S.C. § 1441 governs removal of civil actions and provides, in relevant part, that a defendant may remove an action filed in state court to federal court when the action could have been initially commenced in federal court. (28 U.S.C. § 1441(a).) A state court action that presents a well-pled federal claim is subject to removal under 28 U.S.C. § 1441(a). *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal or original jurisdiction can't be established by counterclaim, even if compulsory, or defense, either expressly stated or anticipated. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Holmes Group*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & N. R. Co. v. Mottley*, 211 U. S. 149, 153 (1908); *Sovereign Bank, N.A. v. Lee*, 968 F. Supp. 2d 515, 517 (E.D.N.Y. 2013).

Further, 28 U.S.C. § 1446 (a), governing procedure for removal of civil actions, requires a state court defendant seeking to remove a civil action to federal court to file a notice of removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, containing a short and plain statement of the grounds for removal ("notice of removal"), together with a copy of all process, pleadings, and orders served upon such defendant(s) in state court. (28 U.S.C. § 1446 (a).) Section 1446(b) of the U.S. Code also provides that the notice of removal of a civil action shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (28 U.S.C. § 1446 (b).)

3

Here, a review of the pleadings of underlying the State Court Action reveals that Synchrony did not assert any federal claims and merely asserted a breach of contract claim. (ECF No. 6, Ex. 1.) While Bell asserts a counterclaim pursuant to the FDCPA, federal jurisdiction cannot be based solely on a federal counterclaim or defense. *Fleet Bank, Nat'l Ass'n v. Burke,* 160 F.3d 883, 886 (2d Cir.1998) ("[The well-pleaded complaint] rule requires a complaint invoking federal question jurisdiction to assert the federal question as part of the plaintiff's claim and precludes invoking federal question jurisdiction merely to anticipate a federal defense.") (internal citations omitted); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829, 122 S. Ct. 1889, 1892, 153 L. Ed. 2d 13 (2002) (federal Circuit did not have appellate jurisdiction over case in which complaint did not allege claim arising under federal patent law, but answer contained patent-law counterclaim); *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 372 (E.D.N.Y. 2014) ("Under the "well-pleaded complaint rule," federal jurisdiction is present only if a question of federal law appears on the face of the plaintiff's "well-pleaded complaint"—thus requiring a court to ignore any and all answers, defenses, and counterclaims."). Accordingly, the State Court Action was not subject to removal.

## II.    Abstention

Defendant Synchrony's motion papers appear to raise an absentia contention. Even if not specifically raised, the district court has discretion to *sua sponte* challenge subject matter jurisdiction, including through abstention principles. *See F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100-01 (2d Cir. 1999). The abstention doctrine generally provides that federal courts should refrain from enjoining or otherwise interfering in an ongoing state proceeding. *Ram v. Lal*, 906 F. Supp. 2d 59,71 (E.D.N.Y. 2012) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). It is well-settled that "[a]bstention from the exercise of federal jurisdiction is the exception, not the

rule." *Colo. River Water Conservation Dist.*, 424 U.S. 800, 813 (1976). When a "federal court properly has subject matter jurisdiction, it has a 'virtually unflagging obligation' to exercise that jurisdiction, even if an action concerning the same matter is pending in state court," barring very limited exceptions. *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817–18).

In *Colorado River,* the Supreme Court identified relevant factors which should be considered in determining whether abstention under the *Colorado River* doctrine is warranted: (1) the convenience or inconvenience of the forum; (2) the desire to avoid piecemeal litigation; (3) which proceeding or action was commenced first; (4) the source of law for decision; and (5) whether the state court can adequately protect the rights of the party(s) seeking federal jurisdiction. 424 U.S. at 818. No one factor is dispositive, yet the "weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). "The underlying principles…rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Radioactive, J.V. v. Manson*, 153 F.Supp.2d 462, 474 (S.D.N.Y. 2001) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817).

Abstention is appropriate in "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colo. River Water Conservation Dist.*, 424 U.S. at 817. "[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. County of Suffolk,* 146 F.3d 113, 118 (2d Cir. 1998) (citing *Alliance of American Insurers v. Cuomo,* 854 F.2d 591, 603 (2d Cir.1988)). "Federal and state proceedings are concurrent or parallel for purposes of abstention

5

when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp,* 108 F.3d 17, 22 (2d Cir. 1997) (internal quotations omitted). "Complete identity of parties and claims are not required. However, resolution of the state action must dispose of all claims presented in the federal case." *386 DDR Constr. Servs., Inc. v. Siemens Indus., Inc.*, 770 F.Supp.2d 627, 644 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). "Ultimately, the decision of whether to stay or dismiss the federal suit under *Colorado River* abstention lies within the court's discretion." *See Riggi v. Charlie Rose Inc.*, 777 F. Supp. 3d 356, 362 (S.D.N.Y. 2025) (quoting *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 185 (E.D.N.Y. 2012)).

Defendant Synchrony suggests that the instant matter and the State Court Action are parallel proceedings because both actions involve a dispute between Plaintiff Bell and Defendant Synchrony regarding a consumer debt and the applicability of the FDCPA. In the State Court Action, Synchrony alleges Bell defaulted when she failed to make payments on a revolving credit account. (ECF No. 6, Ex. 1.) Bell asserted counterclaims pursuant to the FDCPA.[3] Similarly, in the instant action, Bell's first cause of action is based upon Synchrony's alleged failure to abide by the FDCPA in its attempt to collect the consumer debt, including, *inter alia*, a failure to provide adequate debt validation and making false, deceptive or misleading representation in connection with the debt. (Compl. at 2-3.) Bell alleges additional causes of action against S&S, the firm hired by Synchrony for representation in the State Court Action.[4] While in the instant action Plaintiff asserts additional claims not present in the State Court Action, the parties are litigating essentially

---

[3] In the State Court Action, Bell filed an answer and asserted several counterclaims under the FDCPA, including failure to validate the debt. (ECF No. 6, Ex. 2.)

[4] In the instant action, Plaintiff (Bell) asserts a claim for common law fraud, abuse of process, and unjust enrichment against Synchrony and S&S because of their efforts to collect a debt in the State Court Action.

the same issues in both forums. That S&S is not a named party in the State Court Action does not alter this analysis. "Perfect symmetry of parties and issues is not required." *Allstate Ins. Co. v. Elzanaty*, 916 F.Supp.2d 273, 287 (E.D.N.Y. 2013) (quotation marks and citation omitted). "[T]he threshold requirement is that there be a substantial identity of parties between the state and federal actions." *Pike Co., Inc. v. Universal Concrete Prods., Inc.*, 284 F. Supp.3d 376, 386 (W.D.N.Y. 2018) (quoting *Aurelius Capital Master, Inc. v. MBIA Ins. Corp.,* 695 F.Supp.2d 68, 73 (S.D.N.Y. 2010)). Accordingly, because Bell and Synchrony are also parties to the State Court Action, the threshold requirement that there be a substantial identity of parties between the state and federal action is met.

The Court further notes that the core factual allegations between both actions are also the same. Synchrony's breach of contract claim seeks recovery of a debt. Bell's counterclaims, and claims asserted in the instant action, are predicated on whether or not Synchrony is subject to the FDCPA,[5] and if so, whether it complied with its statutory obligations in attempting to collect the debt purportedly owed by Bell.

The Court now turns to the relevant factors. The convenience of the forum weighs in favor of the state court. Although Synchrony is a resident of Draper, Utah, Bell resides in the City of Middletown, Orange County, New York, where the State Court Action was commenced. The desire

---

[5] Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134 (2d Cir. 2017). Generally, a debt collector is defined as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C.A. § 1692. To fall within the definition of debt collector, the entity must do more than generate and mail the breach letters, more than just act as a mere conduit for a collection process. *See Cohen v. Ditech Fin., LLC*, 342 F. Supp. 3d 460, 466 (S.D.N.Y. 2018) (internal citations omitted). Entities that merely perform ministerial duties for debt collectors, such as stuffing and printing debt collector's letters, are not debt collectors within the meaning of the FDCPA. *Id.* On the other hand, a law firm that assists in everyday debt collection activities falls squarely within the definition. *Id.*

7

to avoid piecemeal litigation is neutral, as all claims may be adjudicated in either forum. The State Court Action was filed first, which weighs in favor of abstention. Although the majority of the claims arise under state common law, this factor is neutral because both the federal and state claims may be litigated in either court. Finally, because the state court can adequately protect the rights of the party seeking federal jurisdiction—namely, Bell—this factor also weighs in favor of abstention. Accordingly, the balance of factors warrants abstention.

## CONCLUSION

For the foregoing reasons and in the exercise of the Court's judicial discretion, the instant action is STAYED pending resolution of the State Court Action. The Parties are directed to provide the Court with a written status update on the State Court Action every six (6) months.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 6.

SO ORDERED.

Dated: March 19, 2026
     White Plains, NY

Nelson S. Román
United States District Court Judge, S.D.N.Y.